### TATUM v. SMALL. (No. 1636.)

(Court of Civil Appeals of Texas. Texarkana. April 27, 1916.)

1. PAYMENT ⬅➡46(1)—APPLICATION.

Where plaintiff sued on a note secured by mortgage and an account, and the defendant admitted the cause, but pleaded payment of the note and account in full by boarding plaintiff for a given period, facts *held* insufficient to show error in failing to apply the claimed set-off to the extinguishment of the note, and the balance, if any, to the extinguishment of the account.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 125; Dec. Dig. ⬅➡46(1).]

2. COSTS ⬅➡23—ALLOWANCE TO DEFENDANT—WHEN PROPER.

Under Rev. St. 1911, art. 2042, providing that, where the plaintiff's demand is reduced by payment to an amount which would not have been within the jurisdiction of the court, the defendant shall recover his costs, where the judgment in the county court was reduced by set-off to $78.30 and costs, with foreclosure of a mortgage lien, the defendant, on motion, should have been allowed his costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 74–81; Dec. Dig. ⬅➡23.]

Appeal from Delta County Court; J. N. Viles, Judge.

Action by R. B. Small against A. B. Tatum. Judgment in part for plaintiff, and defendant appeals. Reformed and affirmed.

Newman Phillips, of Cooper, for appellant. Lane & Ratliff and C. C. McKinney, all of Cooper, for appellee.

HODGES, J. An agreed statement has been filed in this case, and the parties appear to be willing that the issues raised shall be disposed of upon the facts there stated. The suit was filed by the appellee against the appellant to recover on a note in the sum of $696, with interest and attorney's fees, and an account amounting to $171.55. The appellant admitted the plaintiff's cause of action, but claimed that he had paid both the note and the account in full by boarding the plaintiff at $11 per month from November 3, 1909, to November 4, 1915. The appellee admitted that the defendant was entitled to a credit on the indebtedness for a part of the time, but denied that he should be charged $11 a month for the entire period. The testimony offered upon the trial was on the issue as to the amount of credit to which the defendant was entitled from November, 1909, to November, 1912, and as to whether plaintiff had paid for such time as he boarded with the defendant by work. The court submitted these issues to the jury, and upon the findings made entered a judgment in favor of the appellee for the amount claimed in his petition, after applying as a credit the amount found in favor of the appellant by the jury, leaving a balance in the plaintiff's favor of $71.15. This the court held to be the balance due on the note, to which he added 10 per cent. as collection fees, and entered a judgment for $78.30 and costs of suit, with foreclosure of the mortgage lien given by the defendant to secure the payment of the note.

[1] The appellant, defendant below, contends that the credit should first have been applied to the extinguishment of the note, and the balance, if any, due the plaintiff, should have been considered as due on the account. The facts are not such as to show that there was any error in that respect.

[2] It is also contended that the appellant should have recovered his costs, because in the application of the payments the judgment was reduced below the jurisdiction of the court. Article 2042 of the Revised Civil Statutes of 1911 provides:

"Where the plaintiff's demand is reduced by payment to an amount which would not have been within the jurisdiction of the court, the defendant shall recover his costs."

A motion was made in the court below to reform the judgment and tax the costs against the appellee in compliance with the

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

provision of this article of the statute. We are of the opinion that the motion should have been sustained.

The judgment will therefore be reformed and affirmed, and the costs of the trial court and of this court are taxed against the appellee.